ATTORNEYS FOR APPELLANT
Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEES
Terry E. Iacoli
Martinsville, Indiana



**FILED**
Jan 15 2010, 11:22 am

*CLERK*
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 55S00-0906-CR-266

STATE OF INDIANA,                               *Appellant (Plaintiff below),*

v.

MICHAEL HALDEMAN,                           *Appellee (Defendant below).*

Appeal from the Morgan Superior Court, No. 55D02-0803-FB-82
The Honorable Christopher Burnham, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 55A05-0904-CR-224

STATE OF INDIANA,                               *Appellant (Plaintiff below),*

v.

RACHEL LAWSON,                               *Appellee (Defendant below).*

Appeal from the Morgan Superior Court, No. 55D02-0803-FB-85
The Honorable Christopher Burnham, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 55A01-0903-CR-120

**January 15, 2010**

**Dickson, Justice.**

Each of these two consolidated appeals[1] presents the same question: whether the State must comply with Indiana Criminal Rule 25, which imposes a stay pending preliminary appellate review of a warrant authorizing interception of telephonic or telegraphic communications, notwithstanding the legislative repeal of the statutory provision requiring such review. We hold that the State was not authorized to disregard its obligations under Rule 25, which was in effect and had not been repealed or modified. Under the facts of these cases, however, the failure to seek preliminary appellate review does not require reversal because the defendants have not demonstrated that the State's failure affected their substantial rights.

In each of the cases, the trial court granted the defendant's motion to suppress evidence obtained as a result of police wiretapping purportedly authorized by a warrant issued pursuant to Indiana Code § 35-33.5-1-1 et seq. When first adopted in 1990, the statute required the prosecuting attorney, before the wiretap warrant was implemented, to apply to the Indiana Court of Appeals "for an ex parte de novo review of the issuing court's decision" under rules adopted by the Indiana Supreme Court. Ind. Code § 35-33.5-3-3(a) (repealed 2007). Such rules were adopted by this Court later that year, designated as Criminal Rule 25. Seventeen years later, in 2007, the statutory requirement for preliminary appellate review, Section 3, was repealed.[2] This occurred prior to the dates relevant to the present cases. But Rule 25 was not modified in response and remained in effect when the wiretap warrants in these cases were issued. The trial court suppressed the evidence in these cases solely because of the State's failure to comply with the preliminary appellate review requirement of Rule 25. The State appealed[3] and, pursuant to Appellate Rule 56(A), immediately sought emergency transfer to this Court, which we granted.

---

[1] These two cases are appeals from the same trial court, involve the same attorney for both defendants, and present the same question. Upon the State's motion, this Court consolidated the appeals in these two cases and assigned to both the same Supreme Court cause number.

[2] Indiana Code § 35-33.5-3-3 was repealed by P.L. 105-2007, Sec. 15, effective July 1, 2007.

[3] The State brings this appeal pursuant to Indiana Code § 35-38-4-2(5), which authorizes it to appeal from "an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution." Neither defendant challenges the State's right to bring this appeal.

The parties do not dispute the facts of these cases. The Indiana State Police began investigating a drug trafficking organization in October 2007. The drug activity was centered in Morgan County. Methamphetamine was being distributed to buyers and sellers who came from various locations to a central location in Morgan County to obtain their supply of drugs. Indiana State Police Detective Brian Harshman conducted several controlled buys through a confidential informant to obtain information about the drug trafficking organization. Before and after each controlled buy, the confidential informant discussed plans and information gained with Detective Harshman and other state police officers. A court order was obtained to use a pen register[4] to record the telephone numbers of incoming and outgoing telephone calls from the telephones of the central drug distributor. By utilizing the pen register, the confidential informant, and physical surveillance, Detective Harshman was able to develop information about the drug trafficking organization.

With this information, the State then applied for wiretap warrants to begin intercepting telephone calls to and from the residential and cellular telephones of the suspected central drug distributor. Detective Harshman drafted affidavits of probable cause to support the application for each wiretap warrant. Each of the affidavits of probable cause was sixty-five pages, and they were filed in Morgan Superior Court No. 3 on January 8, 2008. The next day, Chief Deputy Prosecuting Attorney Robert Cline and Detective Harshman appeared before Judge Jane Spencer Craney and provided oral probable cause testimony in support of the wiretap warrant applications. Concluding that probable cause existed, Judge Craney issued two warrants, which authorized the interception of communications to and from a certain residential telephone and cellular telephone. As a result of the execution of the wiretap warrants, the intercepted telephone communications, and further investigation, the State charged defendant Michael Haldeman with two counts and defendant Rachel Lawson with one count of Conspiracy to Commit Dealing in Methamphetamine, a class B felony. At no time, however, did the prosecuting authorities comply with the Criminal Rule 25 requirement for preliminary review by the Indiana Court of Appeals before implementation of the wiretap warrants.

---

[4] A pen register is a device that records or registers telephone numbers dialed to or from a telephone but does not intercept or record conversations.

In each of the two cases, both of which were pending before Judge Christopher Burnham, Morgan Superior Court No. 2, the same attorney represented each defendant and filed a substantially identical motion to suppress the wiretap evidence and all derivative evidence, based upon the State's failure to seek preliminary appellate review pursuant to Rule 25. The defendants' motions did not otherwise challenge the warrants on procedural or substantive grounds, including probable cause, reasonableness, or improper execution by the officers. In identical, thoughtful, eight-page orders issued the same day, Judge Burnham granted each motion to suppress. From these orders the State appeals.

The State contends that Criminal Rule 25 was created solely "to accompany and give support to a statute," Appellant's Briefs at 9; that the legislature's repeal of Section 3 vitiated "the need for procedures to implement the now-defunct requirement," *id.* at 4; and that, "[a]bsent the statute mandating the immediate review, the rule should have no residual effect," *id.* at 9. Alternatively, the State urges that the appropriate remedy for its failure to comply with Rule 25 should not be application of the exclusionary rule where a warrant is not defective in any other way and is supported by probable cause.

The defendants respond in substantially identical briefs, urging that Criminal Rule 25 has continued vitality notwithstanding the repeal of the statutory requirement for preliminary appellate oversight because such review adds an appropriate level of difficulty before prosecuting authorities are enabled to intrude upon citizens' privacy and liberty, and because appellate judges provide a more "neutral and detached" review than local trial judges. Appellees' Briefs at 12.

We first observe that the statutory requirement for automatic review, before its repeal, prescribed "an ex parte de novo review of the issuing court's decision." Ind. Code § 35-33.5-3-3 (repealed 2007). Section 3 instructed that the Court of Appeals "shall review the reasons for the issuance of the warrant and determine whether the requirements of this article[5] have been met" and authorized the court to "affirm, modify, or overrule the order of the court to which the application was made." *Id.* § 35-33.5-3-3(b)–(c). In contrast to these substantive directives, Criminal

---

[5] Article 33.5, "Interception of Telephonic or Telegraphic Communications," of Title 35, "Criminal Law and Procedure," of the Indiana Code.

Rule 25 deals almost entirely with procedural matters, secrecy, and reporting. The Rule states that the implementation of the warrant "shall be stayed pending approval of its issuance by the Indiana Court of Appeals," Crim. R. 25(B), but it does not prescribe the grounds or standard for such review.[6] Clearly, Rule 25 was intended to supply the procedural framework for the automatic review detailed in Section 3 of the statute.

The legislature's decision to repeal Section 3, however, does not automatically invalidate or vitiate a rule of criminal procedure promulgated by this Court. The Indiana Supreme Court is expressly authorized to supervise "the exercise of jurisdiction by the other courts of the State" and to "exercise appellate jurisdiction under such terms and conditions as specified by rules." Ind. Const. art. 7, § 4. It "has authority to adopt, amend, and rescind rules of court that govern and control practice and procedure in all the courts of Indiana." Ind. Code § 34-8-1-3. The leg-

---

[6] The full text of Criminal Rule 25 provides:

Rule 25. Wiretap

(A) Review of Decision to Permit Wiretap. A review by the Indiana Court of Appeals of a decision to permit interception (wiretap) of telephonic or telegraphic communications pursuant to IC 35-33.5-1-1 et seq., shall be available as this rule provides, notwithstanding any provision in the Rules of Appellate Procedure to the contrary.

(B) Issuance of Warrant - Ex Parte Review - Stay. Where a circuit or superior court issues a warrant for a wiretap, the prosecuting attorney shall file a petition for review of the warrant for wiretap with the Court of Appeals within ten (10) days of the issuance of the warrant by the circuit or superior court. The petition for review shall be accompanied by a certified record which contains the application for warrant and accompanying documents filed in the circuit or superior court together with the warrant and an electronic transcription (tape) of the hearing on the necessity to issue the warrant. Implementation of a warrant shall be stayed pending approval of its issuance by the Indiana Court of Appeals.

(C) Notification of the Court of Appeals. On the day a warrant is issued, the prosecuting attorney who obtains a warrant shall notify the Chief Judge of the Court of Appeals by telephone that a warrant has been issued and when the documents will be tendered for review.

(D) Secrecy of Application and Review. Initially the public shall not be permitted to view any documents filed in a circuit or superior court in connection with an application for issuance of a wiretap warrant, nor shall the public be permitted to attend any hearing in connection with the application. In addition, the public shall not be permitted to view any documents filed in connection with the review of the issuance of a wiretap warrant filed in the Indiana Court of Appeals, nor shall the public be permitted to attend any hearing conducted in the Indiana Court of Appeals. Court personnel, and personnel from the clerks' offices at the trial and appellate level shall not disclose the pendency of an action under this rule. The records from a warrant application, the issuance of a warrant, and the review of a warrant shall only become public record upon the date a warrant or an extended warrant terminates pursuant to statute.

(E) Report. Within twenty-eight (28) days after the termination of a warrant or an extension, or the denial of an application for a warrant or an extension, the court to which application for the warrant or an extension was made shall submit a report to the executive director of the division of court administration in accordance with I.C. 35-33.5-2-5.

islature has acknowledged that once such rules are adopted, "all laws in conflict with the supreme court's rules have no further force or effect." *Id.*

While perhaps lacking in substantive content, Criminal Rule 25 nevertheless directs that "[w]here a circuit or superior court issues a warrant for a wiretap, the prosecuting attorney shall file a petition for review of the warrant for wiretap with the Court of Appeals within ten (10) days of the issuance of the warrant." Until amended or rescinded by this Court, the validity of Criminal Rule 25 and its procedural requirements remain in full force and effect. The policy arguments presented by the State and the defendants, while relevant to whether the Rule should be modified or repealed in the future, do not affect its present validity.

In ordering the suppression of evidence in these cases, Judge Burnham declined to find that the motions to suppress were "based on an immaterial defect in the application, the warrant, or the process of executing the warrant," which, pursuant to Indiana Code § 35-33.5-4-4(b), would preclude a trial court from suppressing the resulting evidence. He noted that "a warrant authorizing the interception, recording and documenting of private conversations of private citizens over a period of days or weeks without their knowledge and consent raises alarm in the minds of a free people" and thus warrants additional appellate scrutiny to "ensure that the State does not abuse this limited privilege and authority." Appellant's App'x at 70–71. These legitimate concerns, like the policy arguments made by the parties in this appeal, serve to inform the decision of whether to retain Criminal Rule 25, but are less helpful in determining whether to affirm or reverse the trial court's suppression orders.

As a matter of appellate jurisprudence, the essential question before this Court is whether the trial court erred in granting the defendants' motions to suppress in light of the State's acknowledged failure to comply with Criminal Rule 25. "In the appellate review of a trial court's motion to suppress, the reviewing court determines whether the record discloses 'substantial evidence of probative value that supports the trial court's decision.' We do not reweigh evidence. The State, appealing from a negative judgment, must show that the trial court's ruling on the suppression motion was contrary to law." State v. Washington, 898 N.E.2d 1200, 1203 (Ind. 2008) (internal citations omitted).

The doctrine of "harmless error" is often applied by appellate courts in their review of judgments in which some legal error is found to have been made by the trial court. Not every such error requires a reversal of the judgment, however, particularly when the significance of the error is especially minor in relation to the outcome reflected in the judgment. This principle is codified in Indiana Trial Rule 61, which provides:

Rule 61. Harmless error

No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order in anything done or omitted by the court or by any of the parties is ground for granting relief under a motion to correct errors or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order or for reversal on appeal, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

The final sentence of this Rule is particularly relevant to the present cases. It mandates that courts "at every stage," which includes trial courts, "must disregard any error or defect" that "does not affect the substantial rights of the parties." This requirement should have been applied by Judge Burnham in his review of the validity of the wiretap warrants issued by Judge Craney.

In each of the present cases, the challenged evidence resulted from the same wiretap warrants issued by Judge Craney upon her review of the probable cause evidence presented by the prosecuting authorities. The factual, procedural, and legal correctness of Judge Craney's warrants have not been challenged at trial or on appeal by either defendant. Neither defendant asserts any basis upon which to claim that, if there had been an automatic review by the Court of Appeals as prescribed by Criminal Rule 25, the execution of the warrants would have been prevented, modified, or interrupted. In other words, neither defendant demonstrates that their substantial rights were affected by the defect represented by the prosecution's failure to comply with Criminal Rule 25.

We find that, because the defendants did not establish that the State's failure to seek review of the wiretap warrants affected their substantial rights, the trial court was required by Trial Rule 61 to disregard such error or defect. The granting of the defendants' motions was thus contrary to law and subject to reversal.

7

## Conclusion

The legislature's repeal of Indiana Code § 35-33.5-3-3, which required an automatic application to and review by the Indiana Court of Appeals before the execution of a wiretap warrant, did not invalidate Criminal Rule 25 and its requirement that a prosecutor must file a petition for review by said court before implementation of a wiretap warrant. The State failed to comply with Rule 25 with respect to the warrants which were the bases for the evidence in the present cases. Neither defendant has asserted or demonstrated, however, that compliance with Rule 25 would have produced any impediment upon the execution of the warrants. Because the defendants thus failed to establish that the error or defect in failure to comply with Rule 25 affected the defendants' substantial rights, it was legal error to grant the motions to suppress.

We reverse the trial court orders granting the defendants' motions to suppress and remand each of the cases herein consolidated for further proceedings.

Shepard, C.J., and Sullivan and Boehm JJ., concur. Rucker, J., concurs in result.